ACCEPTED
04-15-00287-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/19/2015 11:09:01 PM
KEITH HOTTLE
CLERK

# NO. 04-15-00287-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
06/19/2015 11:09:01 PM
KEITH HOTTLE
Clerk

# IN THE FOURTH COURT OF APPEALS

Cecil Adams and Maxine Adams
*Appellants*,
vs.
Harris County, Rebecca Ross, Kathleen Keese, Christopher Prine Clerk of the
Court and Chris Daniel District Clerk
*Appellees*
On Appeal from 269th Judicial Court
Houston, Texas
Cause No. 2014-35653
Transferred by Order of the Supreme Court from the First Court of Appeals
Houston, Texas
Cause No. 01-15-00384-CV

## ADAMS' APPELLATE BRIEF

Cecil Adams
Maxine Adams
5510 S. Rice #1206
Houston, Texas 77081
p.713.840.0330
Email:  cecillovesmax@sbcglobal.net
PRO SE

NO ORAL ARGUMENT REQUESTED

IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1(a), appellant presents the following list of all parties and names and addresses of its counsel:

**Appellants/Defendants in the Trial Court:**

*Maxine Adams and Cecil Adams (collectively the "Adams")*
**PRO SE**
5510 S. Rice #1206
Houston, Texas 77081
f. 713.840.0330
cecillovesmax@sbcglobal.net

**Appellee/Defendant in the Trial Court**

*Christopher A. Prine (The State of Texas) also reference in the suit as Mr. Prine*
**COUNSEL FOR CHRISTOPHER PRINE**
Christian Cobe Vasquez
Assistant Attorney General
P.O. Box 12548, Capitol Station Austin,
Texas 78711
christin.cobe@texasattorneygeneral.gov
p. (512) 463-2080 f. (512) 495-9139 (fax)

**Additional Parties to the Suit**

*Chris Daniel, Harris County District Clerk/Plaintiff in the Trial Court*
**ATTORNEYS FOR CHRIS DANIEL AND HARRIS COUNTY**

Vince Ryan, Esq.
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
p. 713.274.5173 f. 713.437.8633
vince.ryan@cao.hctx.net

Clinton Gambil Senior
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
p. 713.274.5173 f. 713.437.8633
clinton.gambill@cao.hctx.net

Brian A. Quintero
Esq. Senior Assistant County Attorney
brian.quintero@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas 77002
p. 713.274.5173 f. 713.437.8633

*Rebecca Ross/Defendant in the Trial Court*
**COUNSEL FOR REBECCA ROSS**
Timothy J. Henderson
6300 West Loop South, Suite 280
Bellaire, Texas 77401
timhenderson@msn.com
p. 713.667.7878   f. 713.668.5697

*Kathleen Keese/Court Reporter and Defendant in the Trial Court*
**COUNSEL FOR KATHLEEN KEESE**
Jayson Booth, Esq.
3730 Kirby Drive, Suite 777
Houston, Texas 77098
jbooth@boothricheylaw.com
713.333.0377 713.526.1175 (fax)

TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL .........................................................i-ii

TABLE OF CONTENTS...............................................................................iii-iv

INDEX OF AUTHORITIES........................................................................... v-vi

STATEMENT OF THE CASE........................................................................ vii

STATEMENT OF JURISDICTION................................................................ viii

STATEMENT OF ORAL ARGUMENTS....................................................... viii

ISSUES PRESENTED.................................................................................... viii

Are the routine ministerial duties of court clerks commanded by a court decree or by the judge's instructions cloaked in absolute judicial or quasi-judicial immunity?

Does the improper performance of ministerial duties by court clerks warrant quasi judicial or absolute immunity in a suit under Section 1983?

Does a claim that alleges a court clerk was acting in direct violation of his statutory duties defeat quasi-judicial immunity in plea to jurisdiction?

Are actions performed by the court clerk after a judge's judicial authority ends covered by judicial or quasi-judicial immunity?

STATEMENT OF FACTS ............................................................................... 1-3

SUMMARY OF THE ARGUMENT ................................................................ 3-5

ARGUMENT AND AUTHORITIES...................................................................5

A. The governmental unit failed to meet the summary judgment standard of evidence for a plea to the jurisdiction. ....................................................................5

    1. TEX. R. APP. P. 51 mandates the court clerk to prepare a statement of cost not a court order. .......................................................... 5-7

    2. Fraudulent allegations raise issues of fact to defeat plea to jurisdiction .......................................................................... 8-10

3. The defense of an official mistake raise a fact issue in plea to jurisdiction .................................................................................................... 10

PRAYER FOR RELIEF ............................................................................................... 11

CERTIFICATE OF SERVICE AND COMPLIANCE ....................................... 12-13

INDEX TO THE APPENDIX ...................................................................................... 14

APPENDIX 1: ORDER ON PLEA TO JURISDICTION ................................. 15

APPENDIX 2: APPELLATE MANDATE ........................................................ 16

APPENDIX 3: ORDER AFFIRMING APPELLATE MANDATE .................. 17

# INDEX OF AUTHORITIES

## United States Supreme Court Cases

*Antoine v. Byers & Anderson, Inc.*,
    508 US 426 - Supreme Court 1993 ...........................................................3, 4

*Mireles v. Waco*,
    502 US 9 - Supreme Court 1991 ...................................................................3

## Texas Supreme Court Cases

*Clements v. Barnes*,
    834 S.W.2d 45, 46 (Texas Supreme Court 1992) .........................................10

*Dallas County. v. Halsey,*
    87 S.W.3d 552, 554 (Texas Supreme Court 2002) ....................................1O

*Reaugh v. McCollum Exploration Co.,*
    167 S.W.2d 727, 728 (Tex. Supreme Court 1943) .......................................2

## Federal Cases

*Clay v. Allen,*
    *242 F. 3d 682 - Court of Appeals, 5th Circuit 2001* ...................................4,7

*McCray v. State of Maryland*,
    456 F. 2d 1 - Court of Appeals, 4th Circuit 1972........................................4,9

*PANOWICZ v. Hancock*,
    Dist. Court, D. Maryland 2012 .......................................................................4

*Williams v. Wood*,
    612 F.2d 982, 985 (5th Cir.1980) .................................................................4,7

## State Cases

*City of Fort Worth v. Robinson*,
    300 S.W.3d 892, 895 (Tex. App.—Fort Worth 2009......................................5

*Davis v. West,*

317 S.W.3d 301, 306-07 (Tex. App.-Houston [1st Dist.] 2009 ......................7

*Delcourt v. Silverman,*
919 S.W.2d 777, 781 (Tex. App.-Houston 1996............................................7

*Harris County Appraisal Dist. v. O'Connor & Assocs.*,
267 S.W.3d 413, 416 (Tex. App.—Houston [14th Dist.] 2008 ......................8

*Jelinek* v. *Casas*,
328 S.W.3d 526, 539 (Tex. 2010) ...............................................................11

*Kastnerv. Lawrence*, Tex:
Court of Appeals, lst Dist. 2012 ...................................................................7

*Tex. Dep't of Parks & Wildlife v. Miranda*,
133 S.W.217, 227 (Tex. 2004) .....................................................................5

*Torres v. Owens*,
380 S.W.2d 30, 33-34 (Tex. Civ. App. -- Corpus Christi 1964 ......................7

*WASTE MANGM'T OF TEXAS, INC. v. TEX. DISP. SYSTEMS LANDFILL, INC.*,
Tex: Court of Appeals, 3rd Dist. 2014 ..........................................................2

*Wilkinson v. USAA FEDERAL SAVINGS BANK TRUST SERVICES,*
Tex: Court of Appeals, 14th Dist. 2014 ........................................................9

## RULES AND STATUTES

TEX. CIV. PRAC. & REM. CODE 51.014(A)(8)  ............................................... viii
TEX. R. APP. P. 18...................................................................................4,5,6
TEX. R. APP. P. 19........................................................................................4
TEX. R. APP. P. 29.6....................................................................................11
TEX. R. APP. P. 51.1......................................................................................7
TEX. R. CIV. P. 166(A)(C) .............................................................................5

STATEMENT OF THE CASE

This is an accelerated interlocutory appeal [AR pages: 259-262], transferred to this Honorable Court by order of the Texas Supreme Court, challenging the trial court order granting quasi-judicial immunity to Clerk of the Court 1st Court of Appeals, Christopher A. Prine ("Mr. Prine") alleged fraudulent preparation of a bill of costs. The underlying proceeding initiated by Harris County is a post-mandate interpleader to re-tax court cost and interplead funds in the registry, spawning multiple counter-cross claims for damages between the parties to the suit. [CCR page 26: lines 1-9, page 27: lines 18-19, and page 33: line 9-10], [AR pages 38-41] [AR pages 26-31], [AR: pages 189-197].

**Trial Court**
269th District Court, Harris County Texas
*The Honorable Judge Dan Hinde Presiding*
201 Caroline, Suite 420.
Houston, Texas 77002

**Trial Court Disposition:**     Granted Plea to Jurisdiction for Clerk to 1st Court
                                 of Appeals.  Trial set for August 17, 2015

**Appellate Court**
1st Court of Appeals, Harris County Texas
301 Fannin Street,
Houston, TX 77002

**Appellate Court Disposition:**  Transferred to the 4th Court of Appeals by order of
                                  the Supreme Court

## STATEMENT OF ORAL ARGUMENTS

Oral arguments are not requested in this case to avoid undue expense upon the parties to the suit who reside in Harris County, Texas.

## STATEMENT OF JURISDICTION

This Court is afforded jurisdiction over this interlocutory appeal pursuant to TEX. CIV. PRAC. & REM. CODE 51.014(A)(8) in granting the plea to the jurisdiction of a governmental unit. A "Governmental unit" means: this state and all the several agencies of government that collectively constitute the government of this state, including other agencies and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts. The appellate clerk's assertion that this has been filed suit against an individual official acting in their official capacities is a suit against the governmental entity.

## ISSUES PRESENTED

Are the routine ministerial duties of court clerks commanded by a court decree or by the judge's instructions cloaked in absolute judicial or quasi-judicial immunity?

Does the improper performance of ministerial duties by court clerks warrant quasi judicial or qualified immunity?

Does a claim that alleges a court clerk was acting in direct violation of his statutory duties defeat quasi-judicial immunity?

Are actions performed by the court clerk after a judge's judicial authority ends covered by judicial or quasi-judicial immunity?

STATEMENT OF FACTS

Oh the places you will go by Dr. Suess sums up the far reaching arms of this case which began when an appellate mandate issued, concluding five years of litigation on April 4, 2014 in Harris County, Texas [Appendix "APP". 2][Appellate Record "AR" page 7]. While the Adams were unsuccessful on appeal, the appellate mandate left the final judgment awarded to Adams in-tact and monies in the Courts registry deposited by Ross to stay the enforcement of the judgment. [APP. 2]  On July 14, 2014, the 1ST Court of Appeals determine that it would be improper to tax the sureties in the registry [APP. 3][1] Post mandate, Harris County filed suit to re-tax costs of court and interplead funds in the registry deposited by Ross.

> Mr. Quintero:  This matter should go before the trial clerk. The Court of Appeals in its mandate did not, I believe, fully include all the bills and costs of the court reporter. We believe the matter should go forward on that trial of the merits. That way the clerk, excuse me, the court reporter may prove up the fees as her counsel is able to. We believe the clerk should be able to prove up their fees that were owed which is statutory mandate.
>
> THE COURT: All right. Here's my ruling. I don't think dismissal is the appropriate remedy here.
>
> THE COURT: Y'all are set for trial the two-week docket of August 17th.

---

[1] "…it was the appellee, Ross, who deposited funds with the trial court clerk in lieu of filing a surety bond. In our judgment, costs were taxed against Maxine Adams, not Ross. It would not, therefore, be logical to tax costs against the funds on deposit with the trial court clerk because Ross the depositor of the funds, has no responsibility to pay the costs."[APP. 3].

1

[CCR page 26: lines 1-9, page 27: lines 18-19, and page 33: line 9-10].

Taking the cue from Harris County, Kathleen Keese ("269th Court Reporter") filed suit to recoup costs for an indigent record see [AR pages 38-41][2][APP 2]. Adams filed a no evidence summary judgment motion; The 269th court reporter, who is the designated court reporter for the trial court, did not file a response to the no evidence motion, the trial court waived the necessity for her to do so and denied Adams motion see [AR: page 230]

> BOOTH:  It's true that we did not file a response in
> this, but Ms. Keese is here through counsel prepared
> to argue here at this hearing.

[CCR page 15: lines 17-19].

Adams filed a counter claim and cross claims against Rebecca Ross, Kathleen Keese, Christopher Prine, and joindered Chris Daniel, Harris County District Clerk to the suit. [AR pages 13-20], Adams 2nd amended counter claim pending at the time of the plea to the jurisdiction counter sued Chris Daniel for constitutional violations under section 1983 for failing to investigate prima facie record tampering in the 269th District Court and Mr. Prine for fraudulently over charging for the cost of the appellate record and fraudulent notation of amounts owed [AR: pages 189-197].

---

[2] If the bill of costs does not properly reflect the costs accrued in the district court, a party may seek to make the bill of costs complete by filing a motion to re-tax costs in the district court before mandate issues see *WASTE MANAGEMENT OF TEXAS, INC. v. TEXAS DISPOSAL SYSTEMS LANDFILL, INC*., Tex: Court of Appeals, 3rd Dist. 2014 (citing *Reaugh v. McCollum Exploration Co.*, 167 S.W.2d 727, 728 (Tex. Supreme Court 1943)*,* 167 S.W.2d at 325);

2

Mr. Prine answered the suit in his official capacity. [AR pages 166-171]. "Plaintiffs sue Defendant Clerk of the First District Court of Appeals in his official capacity for actions taken as Clerk of the Court. The First District Court of Appeals is an entity of the State of Texas." On May 13, 2015 the trial court conducting a hearing on Mr. Prine's plea to jurisdiction [AR pages 166 – 171], Adams motion to determine if Harris County's post mandate interpleader suit is appropriate [AR pages 183-185], and Adams no evidence motion against Ross and the 269th court reporters claim to the registry [AR pages 186-188]. The court ruled as follows: 3/13/2015 Order sustaining Plea to Jurisdiction [AR: page 241] (2) Order Denying Adams No Evidence Summary Judgment. [AR: page 230] (3) Order Denying Adams Motion to Dismiss Interpleader suit [AR: page 31]. Adams timely filed their notice of appeal and request for the reporter record on April 2, 2015 [AR pages: 259-262].

SUMMARY OF THE ARGUMENT

Mr. Prine is requesting absolute judicial immunity for performing an administrative duty--- a right the United States Supreme Court does not afford to judges see *Mireles v. Waco*, 502 US 9 - Supreme Court 1991; and *Antoine v. Byers & Anderson, Inc*., 508 US 426 - Supreme Court 1993. The Texas Supreme Court holds that discretionary functions receive protection, but ministerial duties do not see *Kassen v. Hatley, 887 SW 2d 9 - Tex: Supreme Court 1994*). Preparing a bill of costs is a ministerial task that occurs *after* the courts adjudicative power expires.

3

and judgment becomes final see TEX. R. APP. P. 18. Since the appellate court has no adjudicative function after its plenary power expires; there is no judicial immunity to evoke immunity TEX. R. APP. P. 19. TEX. R. APP. P. 51 governs when and how a bill of costs is issued.

Further Mr. Prine's reference to the *Clay v. Allen* ruling shines light on a 14 year old omission that helps define the narrow exceptions by which a court clerk is afforded immunity under the command of the Court see *Clay v. Allen 242 F. 3d 682 - Court of Appeals, 5th Circuit 2001* holding that clerks of court "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction" *Clay v. Allen* asserts this by citing *Williams v. Wood,* 612 F.2d 982, 985 (5th Cir.1980) which expressly provides "the routine duty of court clerks does not fall within the narrow exception for clerical actions explicitly commanded by a court decree or by the judge's instructions." See also *McCray v. State of Maryland*, 456 F. 2d 1 - Court of Appeals, 4th Circuit 1972*, PANOWICZ v. Hancock*, Dist. Court, D. Maryland 2012 "there is no basis for sheltering the clerk from liability under section 1983 for failure to perform a required ministerial act such as properly filing papers." "Absolute quasi-judicial immunity for non-judicial officials is determined by a functional analysis of their actions in relation to the judicial process. *Antoine v. Byers & Anderson, Inc*.

Absolute immunity does not extend to the Mr. Prine because he has not

4

satisfied the burden of proof to establish that (1) quasi judicial is afforded to court clerks performing a ministerial tasks. (2) quasi judicial immunity defeats a claim he was acting in direct violation of his statutory duties.

## ARGUMENT AND AUTHORITIES

A. The governmental unit failed to meet the summary judgment standard of evidence for a plea to the jurisdiction.

The plea to the jurisdiction standard mirrors that of a traditional motion for summary judgment see the *City of Fort Worth v. Robinson*, 300 S.W.3d 892, 895 (Tex. App.—Fort Worth 2009, no pet.). The governmental unit must meet the summary judgment standard of proof for its assertion that the trial court lacks jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.217, 227 (Tex. 2004). The summary judgment movant has the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c)

1. TEX. R. APP. P. 51 mandates the court clerk to prepare a statement of cost not a court order, ministerial duties are not afforded absolute immunity.

TEX. R. APP. P. 18(a)-(c) gives a detailed timeline for when a mandate shall issue. In each stipulation requires that the mandate issues once the Court's judicial power expires. Id "Ten days after the time has expired for filing a motion to extend time to file". Prine asserts judicial immunity under a reference to his statutory duty.

MS. VASQUEZ: Oh, I'm sorry. One more thing, Your Honor. I apologize. The judgment from the Court of Appeals, the Court can take judicial notice in the Court of Appeals' record, that the Court on August 2nd of 2013 put in its order, that it is further ordered that appellant, Maxine Adams, pay all cost incurred by reason of this appeal, *which the clerk of this court will list on the statement of cost that will issue with the mandate in this appeal*. That is in the Court of Appeals' record.

THE COURT: All right. And the plea is granted.

[CCR Page 12 Lines: 17-25, Page 13: Lines 1-3]

THE COURT: All right. Any objection to taking judicial notice is overruled. The Court will take judicial notice of this Court's order in the 2010 case as well as the Court of Appeals' order in what was the 2010 case.

[CCR Page 18 Lines: 19-24]

The order simply restated the statutory duties of the court clerk pursuant to TEX. R. APP. P. 18 "The clerk of the appellate court that rendered the judgment must issue a mandate in accordance with the judgment and send it to the clerk of the court to which it is directed and to all parties to the proceeding when one of the following periods expires" and TEX. R. APP. 51. "The appellate clerk must prepare, and send to the trial court clerk with the mandate, a statement of costs showing: (1) the preparation costs for the appellate record, and any court of appeals filing fees, with a notation of those items that have been paid and those that are owing; and (2) the party or parties against whom costs have been adjudged."

6

TEX. R. APP. 51.1 statutorily defines the duty of an appellate clerk to prepare a bill of cost; which under the law is a ministerial duty see *Kastnerv. Lawrence,* Tex: Court of Appeals, lst Dist. 2012 holding ("ministerial acts are those for which "the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." If the public official must obey an order, without having any choice in complying, the act is ministerial. If an action involves personal deliberation, decision, and judgment, however, it is discretionary").

Judicial immunity applies only to "discretionary" acts; officials are subject to suit for "ministerial acts" to the same extent as any other private citizen. *see Torres v. Owens,* 380 S.W.2d 30, 33-34 (Tex. Civ. App. -- Corpus Christi 1964, writ refd n.r.e.). Mr. Prine has not established the burden of proof to satisfy the element of performance of a discretionary duty to afford him quasi-judicial immunity see *Dallas Cnty. v. Halsey,* 87 S.W.3d 552, 554 (Tex. Supr. 2002); *Davis v. West,* 317 S.W.3d 301, 306-07 (Tex. App.-Houston [1st Dist.] 2009, no pet.); *Delcourt v. Silverman,* 919 S.W.2d 777, 781 (Tex. App.-Houston [14th Dist.] 1996, writ denied). ("judicial immunity is awarded if that person exercises discretionary judgment comparable to that of the judge.") Nor has Mr. Prine established immunity by acting under order of the court. *Clay v. Allen* asserts this by citing *Williams v. Wood,* 612 F.2d 982, 985 (5th Cir.1980) express provides "the routine duty of court clerks does

7

not fall within the narrow exception for clerical actions explicitly commanded by a court decree or by the judge's instructions."

2. Fraudulent allegations raise issues of fact to defeat plea to jurisdiction

Claims in pleas to the jurisdiction are taken as true. [3]Adams claims if taken as a true, allege the Court Clerk fraudulently charged the costs of the appellate record and failed to comply with his statutory duties under TEX. R. APP. P. 51 "Based on the afore mentioned facts Adams pleads a (1) a violation of Adams process 14th Amendment right not to be deprived of property without due process of law under 42 U.S.C. § 1983 (2) approximately caused collectively by (3) Christopher Pine acting in his individual capacity as the Clerk of the 1st Court of Appeals in performing ministerial billing responsibilities under (4) under Texas Rule of Appellate Procedure 51. The Adams seek damages from Christopher Prine individually for falsified billing entries resulting in costs not associated with Adams' appeal and punitive damages less than $50,000.00.[AR page 194: Cause of Action No. 3"]

The judgment expressly required that "Maxine Adams, pay all cost incurred by reason of this appeal". Adams pleading that alleges that Mr. Prine added costs

---

[3] A defendant may prevail on a plea to the jurisdiction by demonstrating that, even if all the plaintiff's pleaded allegations are true, an incurable jurisdictional defect remains on the face of the pleadings that deprives the trial court of subject-matter jurisdiction. *Harris County Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413, 416 (Tex. App.—Houston [14th Dist.] 2008, no pet.

8

that were not associated acted out the scope of his authority by over taxing costs not associated with the appeal. The Court in *McCray v. State of Maryland*, 456 F. 2d 1 - Court of Appeals, 4th Circuit 1972 addressed the issue of officials acting in bad faith succinctly

> A closely associated defense is afforded all public officers who act in obedience to a judicial order or under the court's direction. Lockhart v. Hoenstine, 411 F.2d 455, 460 and cases cited therein (3rd Cir.), cert. denied, 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969); United States ex rel. Smith v. Heil, 308 F.Supp. 1063 (E.D.Pa.1970).[11] It was this defense which protected the court clerks in Sullivan v. Kelleher, Rhodes v. Houston, Ginsburg v. Stern, and Niklaus v. Simmons (*supra* note 1).[12] Thus in every instance cited by the District Court where "judicial immunity" was accorded a court clerk, he was in fact acting regularly and lawfully. McCray here alleges very different circumstances—he asserts that the clerk impeded the filing of his papers. If the claim is true, the clerk was acting in direct violation of his statutory duties. In cases where an official's lawful authority was exceeded[13] or the court order not followed[14] no immunity was recognized and the officer was held liable under section 1983 if his actions abridged an individual's federally protected rights. In the situation alleged by plaintiff in this case, the clerk is entitled to no more protection than any other state ministerial functionary who fails to discharge a mandatory duty. *Cf.* Whirl v. Kern, *supra;* Washington v. Official Court Stenographer, *supra.*

Once a person is cloaked with derived judicial immunity because of a particular function being performed for a court, every action taken with regard to the function, whether good or bad, honest or dishonest, well-intentioned or not, is covered and immune from civil suit. However, derived judicial immunity is lost when the court officer acts in the clear absence of all jurisdiction and outside the scope of his authority. *See Wilkinson v. USAA FEDERAL SAVINGS BANK TRUST*

9

*SERVICES,* Tex: Court of Appeals, 14th Dist. 2014 (citing *Clements v. Barnes,* 834 S.W.2d 45, 46 (Tex. 1992) and *Davis,* 317 S.W.3d at 307(citing Dallas County. v. Halsey, 87 S.W.3d at 555 (Texas Supreme Court 2002).

Even if Mr. Prine has proven an extension of judicial immunity, Adams counter claim raises a material issue of fact as to whether Mr. Prine exceeded his authority by including additional costs in the appeal.

  3. The defense of an official mistake raise a fact issue in plea to jurisdiction

MS. VASQUEZ: Mr. Prine did what clerks do, issue a bill of cost. If he's opened a private suit every time he does this, even if he makes mistakes in judgment, there's no competent man, the Court found, that would be induced to accept such an office. So, for that reason, again, he's entitled to absolute immunity. And any incorrect amounts that the Adamses claim he put in his bill of cost, mistakes in judgment, mistakes with fact, that does not open him up to personal liability.

[CCR Page 11 Lines: 16-25, CCR Page 12 Lines: 1-5].

Again a plea to the jurisdiction can not resolve the issue of fact as to whether it was an official mistake made in good faith.

PRAYER FOR RELIEF

Reversal is appropriate when a Court renders judgments in arbitrary or unreasonable manner without reference to any guiding rules or principles see *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010). The complete record before this Court evidences the trial court abuse discretion in granting judicial immunity to a court clerk, and continued acting in an arbitrary manner with sheer disregard for the law in excusing his court clerk from filing a response to a no evidence summary judgment motion, permitting Harris County's suit to go to a jury to litigate matters already outlined in appellate mandate [APP 2].

Therefore the Adams is praying for some relief by (1) reversal of the order granting Mr. Prine's plea to jurisdiction and (2)in the interest of justice, pursuant to TEX. R. APP. P. 29.6 Adams pray that this Court will review pending motions for review of interlocutory orders that impairs the effectiveness of the relief sought or that may be granted on appeal.

Respectfully submitted,
/s/: Cecil Adams                     .
Cecil Adams
5510 S. Rice #1206
Houston, Texas 77081
713.840.0330
cecillovesmax@sbcglobal.net
*Pro Se*

Respectfully submitted,
/s/: Maxine Adams
Maxine Adams
5510 S. Rice #1206
Houston, Texas 77081
713.840.0330
cecillovesmax@sbcglobal.net
*Pro Se*

# CERTIFICATE OF SERVICE

In accordance with the Texas Rules of Appellate Procedure 9.2(c)(1), I certify that a copy of this Appellate Brief was served on the following parties by e-service through a government approved electronic filing system via email on June 19, 2015.

Vince Ryan, Esq.
Harris County Attorney
vince.ryan@cao.hctx.net

Clinton Gambil Senior
Assistant County Attorney
clinton.gambill@cao.hctx.net

Brian A. Quintero
Esq. Senior Assistant County Attorney
brian.quintero@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas 77002
p. 713.274.5173 f. 713.437.8633
**ATTORNEYS FOR CHRIS DANIEL AHARRIS COUNTY**

Timothy J. Henderson
6300 West Loop South, Suite 280
Bellaire, Texas 77401
timhenderson@msn.com
p. 713.667.7878   f. 713.668.5697
**COUNSEL FOR REBECCA ROSS**

Jayson Booth, Esq.
3730 Kirby Drive, Suite 777
Houston, Texas 77098
jbooth@boothricheylaw.com
713.333.0377 713.526.1175 (fax)
**COUNSEL FOR KATHLEEN KEESE**

Christian Cobe Vasquez
Assistant Attorney General
P.O. Box 12548, Capitol Station Austin,
Texas 78711
christin.cobe@texasattorneygeneral.gov
p. (512) 463-2080 f. (512) 495-9139 (fax)
**COUNSEL FOR CHRISTOPHER PRINE**

/s/: Maxine Adams
Maxine Adams
*Pro Se*

/s/: Cecil Adams
Cecil Adams
*Pro Se*

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9, I hereby certify that this Appellate Brief contains 2,167 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text except those excluded for inclusion under TEX. R. APP. 9.4(i)(1). In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/: Maxine Adams
Maxine Adams
*Pro Se*

/s/: Cecil Adams
Cecil Adams
*Pro Se*

13

# INDEX TO THE APPENDIX

APPENDIX 1: ORDER ON PLEA TO JURISDICTION..................................15

    3/13/15 ELECTRONIC ORDER

    3/16/15 HANDWRITTEN COPY OF ELECTRONIC ORDER

APPENDIX 2: 4/2/2014 APPELLATE MANDATE/JUDGMENT..................16

APPENDIX 3: 7/31/2014 ORDER AFFIRMING APPELLATE MANDATE 17

APPENDIX 1: ORDER ON PLEA TO JURISDICTION...................................15

Evaluation Only. Created with Aspose.Pdf. Copyright 2002-2014 Aspose Pty Ltd.

12/9/2014 2:03:11 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 3431379
By: FULLER, LESLIE G
Filed: 12/9/2014 2:03:11 PM

CAUSE NO. 2014-35653

| | | |
|---|---|---|
| **HARRIS COUNTY, TEXAS,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **MAXINE ADAMS, CECIL ADAMS,** | § | |
| **REBECCA ROSS, KATHLEEN KEESE,** | § | |
| **CHRISTOPHER A. PRINE, and** | § | |
| **STATE OF TEXAS.** | § | |
| *Defendants.* | § | **269TH JUDICIAL DISTRICT** |

## ORDER OF DISMISSAL

On this day, the Court has considered Defendant Prine's Plea to the Jurisdiction and any response thereto. It is

**ORDERED** that ~~Plaintiff's claims~~ be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction. This order operates as a final judgment.

**SIGNED** this _____ day of _____, 2014.

Signed:
3/13/2015 _Dan Hinde_
_____
PRESIDING JUDGE

Maxine and Cecil Adams's cross-claims or counterclaims against Christopher Prine

Certified Document Number: 64620586 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 19, 2015

Certified Document Number:        64620586 Total Pages:  1

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/9/2014 2:03:11 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 3431379
By: FULLER, LESLIE G
Filed: 12/9/2014 2:03:11 PM

CAUSE NO. 2014-35653

*P.JURX 11C.*

| | | |
|---|---|---|
| HARRIS COUNTY, TEXAS, *Plaintiff,* | § § § | IN THE DISTRICT COURT |
| v. | § § | HARRIS COUNTY, TEXAS |
| MAXINE ADAMS, CECIL ADAMS, REBECCA ROSS, KATHLEEN KEESE, CHRISTOPHER A. PRINE, and STATE OF TEXAS. *Defendants.* | § § § § § § | 269TH JUDICIAL DISTRICT |

## ORDER OF DISMISSAL

On this day, the Court has considered Defendant Prine's Plea to the Jurisdiction and any ~~The Plea is SUSTAINED.~~ response thereto. It is

ORDERED that ~~Plaintiffs'~~ claims be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction. This order operates as a final judgment.

SIGNED this 16th day of March, 2015.

Maxine and Cecil Adams's cross-claims or counter-claims against Christopher Prine

_____
PRESIDING JUDGE

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Certified Document Number: 64649694 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 19, 2015

Certified Document Number:        64649694 Total Pages:  1

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

APPENDIX 2: APPELLATE MANDATE .......................................................16



# MANDATE

# Court of Appeals

# First District of Texas

NO. 01-11-00552-CV

MAXINE ADAMS AND CECIL ADAMS, Appellants

V.

REBECCA ROSS, Appellee

Appeal from the 269th District Court of Harris County.  (Tr. Ct. No. 2010-12207).

**TO THE 269TH DISTRICT COURT OF HARRIS COUNTY, GREETINGS:**

Before this Court, on the 2nd day of August, 2013, the cause upon appeal to revise or to reverse your judgment was determined.  This Court made its order in these words:

The cause heard today by the Court is an appeal from the judgment signed by the court below on August 24, 2011.  Appellants, Maxine Adams and Cecil Adams, did not timely file a brief.  After being notified that this appeal was subject to dismissal, appellants did not adequately respond.  It is therefore **CONSIDERED**, **ADJUDGED**, and **ORDERED** that the appeal be **dismissed for want of prosecution**.

It is further **ORDERED** that appellant Maxine Adams pay all costs incurred by reason of this appeal, which the Clerk of this Court will list on the statement of costs that will issue with the mandate in this appeal.

It is further **ORDERED** that if all or part of the unpaid costs

incurred by reason of this appeal are collected in any process to enforce this judgment, then the trial court clerk must immediately remit to the Clerk of this Court any amount shown as owing and due on this Court's statement of costs.

It is further **ORDERED** that this decision be certified below for observance.

Judgment rendered August 2, 2013.

Judgment rendered by panel consisting of Justices Jennings, Brown, and Huddle.

**WHEREFORE, WE COMMAND YOU** to observe the order of our said Court in this behalf and in all things to have it duly recognized, obeyed, and executed.

April 4, 2014

_____
Date

_____
CHRISTOPHER A. PRINE
CLERK OF THE COURT



APPENDIX 3: ORDER AFFIRMING APPELLATE MANDATE .................17



ORDER

Appellate case name:       Maxine Adams and Cecil Adams v. Rebecca Ross

Appellate case number:    01-11-00552-CV

Trial court case number:  1012207

Trial court:              269th District Court of Harris County

On June 30, 2014, Appellee, Rebecca Ross, filed her Emergency Motion for Judgment on Distribution of Funds in the Court Registry. The motion is **DENIED**.

Our plenary power has expired. "Generally, after the term in which we render a judgment expires, we lack plenary power to correct or alter that judgment, except for ministerial acts consistent with the judgment." *Whitmire v. Greenridge Place Apts.*, 333 S.W.3d 255, 260 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd) (citing *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 702 (Tex. 1990) (orig. proceeding)); *see also* TEX. R. APP. P. 19.3 ("After its plenary power expires, the court cannot vacate or modify its judgment."). "Even after our plenary power expires, however, we retain the ability to correct clerical errors in our judgments and opinions, issue and recall our mandates, and enforce or suspend enforcement of our judgments." *Id.* at 260–61. TEX. R. APP. P. 19.3(a)–(c). We decline to recall our mandate.

On May 20, 2014, the Honorable Dan Hinde issued an order in the trial court denying several motions:

1. Rebecca Ross's Motion to Release Deposit and Release Judgment,

2. Harris County District Clerk's Motion to Release Funds and Motion for Instruction,

3. Cecil Adam's Request to Release Funds, and

4. Court Reporter Kathleen Keese's oral request for funds.

In his order, Judge Hinde indicated the proper avenue for the parties to address the distribution of funds from the court's registry was to either file their motions with this Court, or to file common law actions. Judge Hinde cites to two cases in his order, *Muniz v. Vasquez*, 797 S.W.2d 147, 150-151 (Tex. App.—Houston [14th Dist.] 1990, no writ) and *Whitmire*, 333 S.W. at 261. The case before us, however, is distinguishable in that the Adamses were the prevailing party in the trial court, yet nevertheless decided to appeal, and it was the appellee, Ross, who deposited funds with the trial court clerk in lieu of filing a surety bond. In our judgment, costs

were taxed against Maxine Adams, not Ross. It would not, therefore, be logical to tax costs against the funds on deposit with the trial court clerk because Ross, the depositor of the funds, has no responsibility to pay the costs. Accordingly, there is no error in our judgment, and we decline to recall our mandate.

Ross has further asked both the trial court, and now this Court, to issue an order distributing a portion of the funds in the registry to enforce a judgment she won against the Adamses in a wholly separate cause of action. Ross has cited to no authority showing either the trial court or this Court have jurisdiction to do this.

Under Texas Rules of Appellate Procedure 4.1(c)(3), (d); 43.2; and 43.4, we have authority to tax costs and to render judgment against parties, sureties, and the court registry. Ross has cited to no authority, however, indicating we have authority to direct how funds released from the court registry are to be divided. The disputes among the parties to this appeal (the Adamses and Ross) and the claimants (the courts and court reporter), may be resolved through common law actions if the parties are not able to agree to a distribution of the money in accordance with TEX. R. APP. P. 24.1(c)(3).

It is so ORDERED.


Judge's signature: /s/ Harvey Brown
                    X  Acting individually     ☐ Acting for the Court


Date: July 31, 2014